UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALUMET RIVER FLEETING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-00133 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| INTERNATIONAL UNION OF OPERATING ) | |
| ENGINEERS, LOCAL 150, AFL-CIO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Calumet River Fleeting, Inc. ("Calumet") filed a two-count complaint against defendant International Union of Operating Engineers, Local 150, AFL-CIO (the "Union") seeking an injunction preventing the Union from proceeding with arbitration involving former Calumet employee Angelo Zuccolo ("Zuccolo") and a declaration that Calumet is not a signatory to the collective bargaining agreement compelling the Zuccolo arbitration. The Union filed counterclaims against Calumet seeking enforcement of an arbitrator's award finding that Calumet and Selvick Marine Construction, LLC ("Selvick Marine") are alter egos, thus binding Calumet to a collective bargaining agreement, and compelling Calumet to participate in the Zuccolo arbitration and to submit to an audit pursuant to that agreement.

Both parties moved for summary judgement in favor of their claims and against the other parties' claims on all counts. For the reasons stated herein, the Union's motion for summary judgment is denied and Calumet's motion is granted.

**Background**

Unless otherwise noted, the following facts are undisputed. In 1999, John M. Selvick formed Calumet, a Wisconsin corporation engaged in marine towing. (Pl. 56.1 Resp. ¶ 1; Def.

56.1 Resp. ¶ 2.) The Union is a labor organization under the National Labor Relations Act and is incorporated in Illinois. (Pl. 56.1 Resp. ¶ 11; Def. 56.1 Resp. ¶ 3.) It represents heavy equipment operators, mechanics and other employees in northern Illinois, northwest Indiana and eastern Iowa. (Pl. 56.1 Resp. ¶ 11.) The Union is party to various collective bargaining agreements with employers that cover work in construction and related industries. (*Id.*)

The Union and Calumet were parties and signatories to a master collective bargaining agreement named the Great Lakes Floating Agreement ("GLFA") that was in effect from January 1, 2006, through December 31, 2008. (Pl. 56.1 Resp. ¶ 16; Def. 56.1 Resp. ¶¶ 9, 10.) The GLFA automatically renewed from year to year unless a party issued a timely notice of termination. (Pl. 56.1 Resp. ¶ 14; Def. 56.1 Resp. ¶ 11.) Calumet terminated the 2006-2008 agreement on September 26, 2008. (Def. 56.1 Reply ¶ 17.) Calumet states that it never signed a subsequent agreement with the Union. (Def. 56.1 Resp. ¶ 11.) The Union, however, denies this fact solely on the grounds that "Calumet signed the GLFA [ ] through its alter ego, [Selvick Marine]." (*Id.*)

Selvick Marine, incorporated on April 7, 2010, was a Wisconsin company engaged in marine construction. (*Id.* ¶¶ 19, 20.) On June 2, 2010, Selvick Marine's manager Nathan Schley signed a memorandum of agreement adopting the terms of the GLFA on behalf of Selvick Marine, effective January 1, 2009, through December 31, 2011. (Pl. 56.1 Resp. ¶ 20; Def. 56.1 Resp. ¶¶ 21, 26.) The GLFA provides for a three-step grievance procedure, beginning with an informal discussion about the grievance and concluding with arbitration between the Union and the employer. (Pl. 56.1 Resp. ¶ 24.) Section 8 of the 2009-2011 GLFA contains a grievance and arbitration clause which makes arbitration awards final and binding on parties to the GLFA, but does not state that the awards are prospective or have any precedential effect. (Def. 56.1 Resp.

¶ 27.)

On September 29 and 30, 2011, the Union filed three grievances against Selvick Marine. (Pl. 56.1 Resp. ¶¶ 25; Def. 56.1 Resp. ¶¶ 28.) The grievances alleged that Selvick Marine violated the hiring hall provisions and other provisions of the GLFA when it performed work covered under the GLFA but failed to follow GLFA procedures. (*Id.*) The Union and Selvick Marine were unable to reach a resolution, and on November 4, 2011, the Union sent written arbitration demands addressed to Selvick Marine. (Def. 56.1 Reply ¶ 29.) In preparation for the arbitration, the Union served a subpoena *duces tecum* on Calumet, requesting information regarding the Union's dispute with Selvick Marine and the relationship between Calumet and Selvick Marine. (Pl. 56.1 Resp. ¶ 37; Def. 56.1 Resp. ¶ 29.) Selvick Marine moved to quash the subpoenas served against Calumet and other third parties. (Def. 56.1 Resp. ¶ 30.) The arbitrator denied the motion and motion to reconsider, finding that "Selvick Marine does not have standing to move to quash subpoenas issued to what Selvick Marine maintains are non-parties. To the extent that the Employer's motion may be read as moving to quash subpoenas issued to Calumet River Fleeing, Inc. and third parties, I deny the motion." (Dkt. # 25-3, p. 17.)

The arbitration hearing was held on January 5, 2012, and February 22, 2012, and pursuant to the GLFA between the Union and Selvick Marine. (Pl. 56.1 Resp. ¶ 39; Def. 56.1 Reply ¶ 43; Dkt. # 25-3, p. 1.) The Union was represented by counsel and its business representative and Selvick Marine was represented by counsel. (Dkt. # 25-3, p. 1.) Schley, Selvick Marine's manager, also attended the arbitration. (Def. 56.1 Resp. ¶ 31.) The arbitrator set forth the issues before him as follows:

> 1. Whether [Calumet] (not presently an explicit signatory to the GLFA) is an alter ego of [Selvick Marine] (presently a signatory to the GLFA) such that [Selvick Marine] violated the GLFA's hiring provision when [Calumet] moved equipment for AMC on April 25 and 28, 2011?

3

> 2. If [Selvick Marine] violated the GLFA in the above instances, what is the appropriate remedy?

(Dkt. # 25-3, p. 3.) The arbitrator confirmed that he drew his "authority from the Parties' collective bargaining agreement, and my responsibility is confined to determining whether the employer SMC violated the provisions of the GLFA and its relevant addenda, as alleged by the Union in its grievances." (*Id.*, p. 13.) The arbitrator found that Selvick Marine violated the GLFA and sustained the grievances. His July 24, 2012 "award" provides:

> 1. [Selvick Marine] and [Calumet] are alter egos of one another.
>
> 2. [Selvick Marine] violated Article I, Section 3 of the 2009-2011 Great Lakes Floating Agreement and related provisions …, when its alter ego [Calumet] performed work for American Marine Constructors on three separate occasions ….
>
> 3. The three grievances are sustained.
>
> 4. [Selvick Marine]/[Calumet] shall make whole … employees who held IOUE union cards at the time of the three incidents and who were not paid in conformity with the GLFA's provisions for the time they performed the work subject to the three grievances. Such make whole remedy shall include back pay and benefits due under the 2009-2011 GLFA, in excess of pay and benefits those employees have already received for that work.

(*Id.*, p. 16.) Calumet admitted that Selvick Marine complied with the award and that it continues to contend that Calumet and Selvick Marine are not alter egos. (Answer, Dkt. # 18, p. 5-6, ¶ 12.)

On or around 2011 or 2012, Schley completed dissolution forms, filed them with the appropriate agency and informed the Union that Selvick Marine dissolved and liquidated operations. (Def. 56.1 Resp. ¶ 23.)

On July 24, 2013, Calumet terminated its employee Angelo Zuccolo. (Pl. 56.1 Resp. ¶ 64; Def. 56.1 Resp. ¶ 40.) The Union filed a grievance challenging Zuccolo's determination and ultimately sent Calumet a demand for arbitration. (Pl. 56.1 Resp. ¶¶ 64, 65; Def. 56.1 Resp.

¶¶ 41, 42.) Calumet informed the Union that it would not participate in the grievance process because it was not a party to a collective bargaining agreement with the Union. (Pl. 56.1 Resp. ¶ 64; Def. 56.1 Resp. ¶ 43.) The Union continued to process Zuccolo's grievance, notified the American Arbitration Association (the "AAA") that a dispute had arisen between it and Calumet under the GLFA, and requested an arbitration panel. (Pl. 56.1 Resp. ¶¶ 64, 66; Def. 56.1 Resp. ¶ 44.) When notified of the panel, Calumet told the AAA that it and the Union were not parties to a collective bargaining agreement that compelled arbitration of Zuccolo's grievance. (Pl. 56.1 Resp. ¶ 67; Def. 56.1 Resp. ¶ 45.) Calumet then filed the instant action against the Union seeking a declaration that it is not bound to a collective bargaining agreement with the Union and thus not required to arbitrate the Zuccolo grievance. The Union answered and filed counterclaims seeking enforcement of the 2012 arbitration award and an order compelling Calumet, *inter alia*, to arbitrate.

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986), but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

**Discussion**

   Calumet filed the instant action to enjoin the Union from proceeding with the Zuccolo arbitration on the grounds that Calumet is not a signatory to the GLFA and further not an alter ego of Selvick Marine. Calumet seeks an injunction because just prior to this case being filed, the Union attempted to use the 2012 arbitration award finding that Calumet and Selvick Marine are alter egos to support its claim that although not a signatory, Calumet is bound to the GLFA and thus must participate in the Zuccolo arbitration. The Union's counter-claims seek enforcement of the 2012 arbitration alter ego "award" and a finding that Calumet is bound to the GLFA and thus must arbitrate with Zuccolo and submit to an audit. Accordingly, the threshold issue here is whether a collective bargaining agreement calling for arbitration of employee grievances exists between Calumet and the Union.

   The duty to arbitrate is "a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Tech., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 648, 106 S. Ct. 1415, 1418 (1986). A court cannot order arbitration absent a contract between the parties agreeing to arbitrate their disputes. *Laborer's Int'l Union of N. Am., Local Union No. 309, AFL-CIO v. W.W. Bennett Constr. Co.*, 686 F.2d 1267, 1274 (7th Cir. 1982); *see also John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547, 84 S. Ct. 909, 912, 11 L.E.2d 898 (1964) (an employer "cannot be compelled to arbitrate if an arbitration clause does not bind it at all"). Whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator, and necessarily precedes any determination of whether a party will be compelled to submit to arbitration. *AT&T Tech.*, 475 U.S. at 649; 106 S. Ct. at 1418.

   The undisputed facts here demonstrate that Calumet is not a signatory to the GLFA in force at the time of Zuccolo's termination in 2013. Calumet terminated its GLFA contract with

the Union in 2008 and there is no evidence in the record that Calumet signed a subsequent agreement. Instead, the Union argues that the arbitrator's 2012 finding that Calumet and Selvick Marine are alter egos means that Calumet is bound to a purported agreement in effect at the time of Zuccolo's termination since Selvick Marine was a signatory to the 2009-2011 GLFA. The Union makes this argument relying on GLFA's automatic renewal provision which ordinarily would bind parties to the successive agreement at issue, the 2012-2014 GLFA, and despite the fact that Selvick Marine dissolved and liquidated operations by 2012. The Union further argues that Calumet cannot now challenge the validity of the arbitration award before this Court by presenting arguments that it should have raised before the arbitrator or during the 90-day statute of limitations following the award. The Court is not persuaded.

Calumet's complaint does not challenge the validity of the award, it is the Union that is attempting to use the arbitration finding to support its claim that Calumet is bound to the GLFA and thus must arbitrate Zuccolo's grievance. In any event, the Union's statute of limitations argument fails. While the Seventh Circuit has held that a non-signatory or non-party to the collective bargaining agreement at issue in an arbitration must raise a challenge to its status as legally bound to the agreement before the arbitrator or within 90-days of the award, the requirement is excused where, as is the case here, "the defendant was not a party to [the] arbitration hearing." *Ill. Dist. Council No. 1 of the Int'l Union of Bricklayers & Allied Craftworkers, AFL-CIO v. Christoffer*, No. 06 C 03321, 2016 WL 2583724, at *4 (N.D. Ill. Sept. 5, 2006) (Holderman, J.) (citing *Int'l Union of Operating Engineers, Local 16, AFL-CIO v. Rabine*, 161 F.3d 427, 433 (7th Cir. 1998)). Here, despite having notice of the arbitration, Calumet was not a named party to the arbitration and there is no evidence in the record that its counsel or any business representative participated in the arbitration on its behalf. The Union

7

responds that Calumet was "truly a party" because it is an alter ego to Selvick Marine and thereby participated in the arbitration. Again, the Union puts the cart before the horse, as it has throughout its briefing, assuming that the arbitrator's alter ego finding is conclusive and absolute and thus compels rulings in its favor.

Next, the Union argues that the Court should enforce the arbitrator's alter ego "award" because it meets the "established criteria for enforcement." It argues that a court cannot overturn an award where it draws its essence from the collective bargaining agreement, or in other words where the arbitrator's interpretation is derived from the language of that agreement. (Dkt. # 44, p. 12.)

"'[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit and dispense his own brand of industrial justice. … [H]is award is legitimate only so long as it draws its essence from the collective bargaining agreement.'" *W.W. Bennett Constr. Co.*, 686 F.2d at 1276 (quoting *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S. Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)). Here, the portion of the award that the Union wants enforced is the arbitrator's determination that Calumet and Selvick Marine are alter egos. The arbitrator did not, and need not, delve into the language of the collective bargaining agreement to reach its conclusion regarding the entities' relationship. In reaching his conclusion, the arbitrator examined the name of the new companies, the relationship of their founders and management, company operations, and employees alleged perceptions regarding company ownership. (*See* Dkt. # 25-3.) Thus, the arbitrator's award regarding the alter ego finding does not draw its essence from the collective bargaining agreement and is not

8

entitled to deference from this Court.[1] Further, an arbitrator's authority derives from the collective bargaining agreement and thus he cannot decide the rights and obligations of persons or entities that have not contracted to submit their disputes to arbitration. *See, e.g., W.W. Bennett*, 686 F.2d at 1276. The arbitrator here recognized that his responsibility was "confined" to determining whether Selvick Marine violated provisions of the GLFA as alleged in the grievances lodged against it. He did not decide whether Calumet was contractually bound to the GLFA at issue in the 2012 arbitration or any subsequent agreement, nor did he decide that an alter ego is subject to a collective bargaining agreement. (Dkt. # 25-3.) For all these reasons, the Court finds no basis to "enforce" the arbitrator's finding that Calumet and Selvick Marine are alter egos and accordingly denies the Union's motion for summary judgment as to its Count One.

The Union also argues that under the Norris-LaGuardia Act, Calumet is precluded from injunctive relief preventing the Union from proceeding with the Zuccolo arbitration regardless of its alter ego status. In support, the Union relies on *AT&T Broadband, LLC v. Int'l Brotherhood of Electrical Workers*, 317 F.3d 758, 763 (7th Cir. 2003). The Norris-LaGuardia Act, however, is not applicable here as explained in *AT&T Broadband*. In that case, the Seventh Circuit held that where the parties have agreed by contract to postpone until after the arbitration the issue of whether a particular dispute was arbitrable, the Norris-LaGuardia Act precludes injunctive relief against arbitration of a labor dispute. *AT&T Broadband*, 317 F.3d at 762-63. The court further reasoned that in cases like the one before this Court, where "the union invoke[s] the court's assistance to oblige a reluctant [employer] to arbitrate a dispute," the structure of the suit necessarily entails a district court's decision prior to arbitration. *Id.* at 762 (*citing John Wiley & Sons*, 376 U.S. 543, 84 S. Ct. 909; *AT&T Techs., Inc.*, 475 U.S. 643, 106 S. Ct. 1415). Here, as

---

[1] The Union does not claim that there is any other basis apart from the arbitrator's conclusion for a finding that Calumet and Selvick Marine are alter egos, nor does it ask this Court to make an independent finding. Accordingly, the Court does not conduct that analysis.

9

in *Wiley* and as stated above, the issue is not arbitrability of a specific dispute, but whether Calumet is bound at all to the GLFA and its arbitration provision such that it can be compelled to arbitrate. It is well-settled by the Supreme Court that this is an issue for the court: "The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty … [A]n employer cannot be compelled to arbitrate if an arbitration clause does not bind it at all." *John Wiley & Sons*, 376 U.S. at 547, 84 S. Ct. at 913. The Norris-LaGuardia Act's preclusive effect on the court's ability to issue injunctions is not applicable here.

The Court concludes that based on the undisputed facts Calumet is not a signatory to the 2012-2014 GLFA or any collective bargaining agreement with the Union. Calumet thus cannot be compelled to arbitrate the Zuccolo grievance or submit to an audit. To that extent, the Court denies the Union's motion for summary judgment as to its Counts Two and Three, and will grant Calumet's motion as to its Counts One and Two. The Court makes no independent determination regarding whether Calumet and Selvick Marine are alter egos as the parties have not briefed the issue apart from the Union's reliance on the arbitrator's finding.

**Conclusion**

For the foregoing reasons, the Union's motion for summary judgment [43] is denied and Calumet's motion for summary judgment [46] is granted. The Union's counterclaims are dismissed.

SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: 9/4/15